**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Howard Leon Haynie,<br><br>              Plaintiff,<br><br>v.<br><br>Experian Information Solutions Incorporated,<br><br>              Defendant. | No. CV-25-00684-TUC-RM<br><br>**ORDER** |

On December 10, 2025, Plaintiff Howard Leon Haynie filed a pro se Complaint (Doc. 1), an Application for Leave to Proceed in Forma Pauperis (Doc. 2), and a Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 3). The Court will grant the Application for Leave to Proceed in Forma Pauperis and the Motion to Allow Electronic Filing, and will order Defendant Experian Information Solutions, Incorporated to answer Plaintiff's Complaint.

**I.      Application for Leave to Proceed in Forma Pauperis**

The Court may authorize the commencement and prosecution of any action without prepayment of fees if a person submits an affidavit showing the person is unable to pay the fees. 28 U.S.C. § 1915(a)(1). In his Application for Leave to Proceed in Forma Pauperis, Plaintiff avers that he is unemployed and has no income; that he has $100 in savings; that he has no assets other than his vehicle; and that his monthly expenses are $302.00. (Doc. 2.) Plaintiff has sufficiently shown that he is unable to pay the filing fees for this action, and the Court will accordingly grant his Application for Leave to Proceed in Forma

Pauperis.

## II. Motion to Allow Electronic Filing

In his Motion to Allow Electronic Filing, Plaintiff avers that he can comply with all equipment and rule requirements governing electronic filing. The Court will grant the Motion and allow Plaintiff to electronically file documents in this case only.

## III. Statutory Screening

The Prison Litigation Reform Act states that a district court "shall dismiss" an in forma pauperis complaint if, at any time, the court determines that the action "is frivolous or malicious" or that it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). "[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

As the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a pro se litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal quotation omitted). Nevertheless, "a liberal interpretation of a civil rights complaint may not supply essential

elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127-29.

## IV. Plaintiff's Complaint

Plaintiff sues for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* (Doc. 1.) Plaintiff alleges that in or around 2018, due to identity theft, a fraudulent account was opened in his name without his knowledge, authorization, or permission. (*Id.* at 4.) Plaintiff notified Experian on multiple occasions that the account was fraudulent, including in 2024 and 2025. (*Id.*) He provided Experian with a police report, an identity theft report, proof of his identity, and written requests asking Experian to block the fraudulent account. (*Id.*) Experian continued reporting the fraudulent account on Plaintiff's credit file even after receiving the identity-theft documents from Plaintiff. (*Id.*) As a result, Plaintiff lost credit opportunities, was denied credit, faced higher interest rates, and experienced emotional distress, with damages of approximately $25,000. (*Id.*) Plaintiff asks the Court to order Experian to remove and block the fraudulent account from his credit file and to stop reporting information related to the account. (*Id.*)

The Court has federal question jurisdiction over Plaintiff's claims, which arise under the FCRA, a federal statute. *See* 28 U.S.C. § 1331. The FCRA requires consumer reporting agencies to follow reasonable procedures to assure the accuracy of consumer reports. 15 U.S.C. § 1681e(b). The reporting agency must conduct a reasonable reinvestigation to determine the accuracy of information in a consumer's file if the consumer notifies the agency that the information is disputed. 15 U.S.C. § 1481i(a). The FCRA also requires consumer reporting agencies to block information in a consumer's file resulting from identity theft. *See* 15 U.S.C. § 1681c-2. The FCRA imposes civil liability for willful or negligent failure to comply with any of its requirements. *See* 15 U.S.C. §§ 1681n, 1681o.

Liberally construed, Plaintiff's Complaint states claims on which relief can be

granted for violation of the FCRA. The Court will require Defendant to answer the Complaint.

**IT IS ORDERED**:

1. Plaintiff's Application for Leave to Proceed in Forma Pauperis (Doc. 2) is **granted**. Plaintiff is given leave to proceed in this action without pre-paying the filing and administrative fees.

2. Plaintiff's Motion to Allow Electronic Filing (Doc. 3) is **granted**. Plaintiff is granted leave to electronically file documents in this case only. Plaintiff is required to comply with all rules outlined in the District of Arizona's Case Management/Electronic Case Filing Administrative Policies and Procedures Manual ("ECF Manual"), have access to the required equipment and software, have a personal electronic mailbox of sufficient capacity to send and receive electronic notice of case related transmissions, be able to electronically transmit documents to the court in .pdf, be registered as a subscriber to PACER, and comply with the privacy policy of the Judicial Conference of the United States and the E-Government Act of 2002. Any misuse of the ECF system will result in immediate discontinuation of this privilege and disabling of the password assigned to the party.

3. In accordance with the ECF Manual, within **five (5) days** of the date this Order is filed, Plaintiff must register as a user with the Clerk's Office and as a subscriber to PACER.

4. Defendant Experian Information Solutions, Incorporated must answer Plaintiff's Complaint within the timeframe set by the Federal Rules of Civil Procedure.

5. The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendant Experian Information Solutions, Incorporated.

6. Plaintiff must complete and return the service packet to the Clerk of Court

within **twenty-one (21) days** of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

7. If Plaintiff does not either obtain a waiver of service of the summons or complete service of the summons and Complaint on Defendant Experian Information Solutions, Incorporated within **ninety (90) days** of the filing of the Complaint, this action may be dismissed. Fed. R. Civ. P. 4(m).

8. The United States Marshal must retain the summons, a copy of the Complaint, and a copy of this Order for future use.

9. The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by Defendant within thirty (30) days from the date the request for waiver was sent by the Marshal, the Marshal must**:

    a. personally serve copies of the summons, Complaint, and this Order upon Defendant Experian Information Solutions, Incorporated pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure; and

    b. within ten (10) days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if

required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

10. **If Defendant agrees to waive service of the summons and Complaint, Defendant must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

Dated this 6th day of January, 2026.

_____
Honorable Rosemary Márquez
United States District Judge